UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>  v.<br><br>LLOYD MYERS,<br><br>    Defendant-Petitioner. | Case No. 5:09-cr-01195-EJD-1<br><br>**ORDER REGARDING MOTION FOR WAIVER OF PETITIONER'S ATTORNEY-CLIENT PRIVILEGE**<br><br>Re: Dkt. No. 235 |

On April 19, 2016, Defendant-Petitioner Lloyd Meyers ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. No. 219. The motion claims that Petitioner's Sixth Amendment right to effective assistance of counsel was violated when his trial counsel, Varell Fuller, (1) misadvised him of the consequences of pleading guilty, (2) advised him that he could not file a motion to withdraw his plea and (3) failed to file such a motion to withdraw plea. *Id.* The government now moves for an order confirming waiver of attorney-client privilege, or, in the alternative, dismissing Petitioner's motion. Dkt. Nos. 235, 238. Petitioner opposes this motion. Dkt. No. 237.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). This "reflects the position that the attorney-client privilege was intended as a shield, not a sword." *Id.* at 719 (quoting 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 503.41[1], at 503–104.1 to.2 (Joseph M. McLaughlin ed., 2d ed. 2003)). "[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot

adequately dispute unless it has access to the privileged materials." *Id*. For courts tasked with enforcing this rule, the Ninth Circuit has provided the following guidance:

> The court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them. The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it.

*Id*. at 720.

Accordingly, here, Petitioner must choose: he must either waive the attorney-client privilege to the extent necessary to adjudicate his ineffective assistance of counsel claims, or abandon these claims altogether. This is a choice that Petitioner, not this Court, must make. Petitioner is advised that, should he choose waiver, it need not be "broader than needed to ensure the fairness of the proceedings before [this Court]." *Id*. at 720. "Courts, including [the Ninth Circuit], that have imposed waivers under the fairness principle have . . . closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question." *Id*.

Petitioner shall inform the Court of his choice by **July 27, 2018,** by either (1) filing a statement confirming that he wishes to pursue his ineffective assistance of counsel claims or (2) withdrawing his § 2255 motion. If Petitioner wishes to pursue his claims, he must provide, as governed by the Federal Rules of Civil Procedure, discovery "necessary to give [the government] a fair opportunity to defend against [these claims]."[1] *Id*. The attorney-client privilege will then be waived for this very narrow scope and purpose.

**IT IS SO ORDERED.**

Dated: July 5, 2018

EDWARD J. DAVILA
United States District Judge

---

[1] The Court declines to precisely identify the materials to which the government would be entitled. The government must first propound discovery, and Petitioner must then respond. Should disputes arise over scope, the government may move to compel and/or Petitioner may move for a protective order.